**Not for Publication**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHEVRA KADISHA OF BOBOV, INC. | Civil No. 06-5473 (FSH) |
| Plaintiff, |  |
|  | **ORDER** |
| WASHINGTON CEMETERY MANAGEMENT CORPORATION | Date: March 28, 2007 |
| Defendant. |  |

**HOCHBERG, District Judge**

This matter coming before this Court upon the Proposed Intervenors' February 7, 2007 Appeal of Magistrate Judge Shwartz's January 24, 2007 Denial of Intervention in this Case, and the Court having heard argument on March 27, 2007;

**IT IS** on this 28th day of March 2007,

**ORDERED** that, for the reasons set forth on the record in the March 27, 2007 Hearing, Magistrate Judge Shwartz's January 24, 2007 Denial of Intervention is **REVERSED** and Congregation Shaarei Zion D'Bobov, Issac Deutsch, Rabbi Zvi Arye Reinhold, and Mendel Gross are permitted to intervene in this case under Fed. R. Civ. Pro. 24(a), and that the Intervenors also have a separate and independent basis to be parties in the case because Defendant Washington Cemetery filed a Third Party Complaint against them on March 15, 2007; and it is

**ORDERED** that, having been raised sua sponte by this Court upon notice of the May 13,

1

2005 Arbitration Agreement between Plaintiff and Intervenors and as continued in the November 29, 2006 Order of the Beth Din, wherein Plaintiff and Intervenors have agreed to accept the authority of the Beth Din as arbitrator, and with the consent of Plaintiff and Intervenors, and without objection by Defendant Washington Cemetery, who is not a party to the Arbitration Agreement, the following issues shall be forthwith jointly brought by Plaintiff and Intervenors to the Beth Din for resolution, and the Beth Din, in its role as arbitrator, has authority to determine, after hearing from Plaintiff and Intervenors, which party has the burden of proof on the following issues and to resolve the following issues:  (1) which three individuals shall presently serve as trustees of Chevra Kadisha; (2) how future elections of Chevra Kadisha trustees shall be held; (3) who gets to vote for the trustees of Chevra Kadisha in future elections; (4) how many trustee signatures are required on orders given to Washington Cemetery regarding the burial of members of Chevra Kadisha; and (5) any other issues concerning instructions to Washington Cemetery regarding burials pursuant to the Beth Din's November 29, 2006 Order, which held that "should there be any question or dispute regarding the interpretation of the foregoing arrangement and judgment, and also should there be any complaint or dispute regarding the implementation of the foregoing, the parties shall return to the undersigned Rabbinical Court;" and it is

    **ORDERED** that Plaintiff shall submit to the Court **by 5 pm on Wednesday, March 28, 2007** the following financial information of Chevra Kadisha:  the location where its monetary funds are held, including any bank accounts or investments; which individuals are authorized to withdraw or transfer funds; and the total amount of all of its assets; and it is

    **ORDERED** that any disputes with respect to the authority and use of the funds of Chevra Kadisha are also subject to the terms of the aforementioned Arbitration agreement, subject to

resolution of issues before the Beth Din, because the funds are solely attained in connection with burials at Washington Cemetery; and it is

**ORDERED** that Plaintiff Chevra Kadisha, Defendant Washington Cemetery, and the Intervenors **by Thursday, March 29, 2007 at 5 pm** shall e-mail the Court's Courtroom Deputy either joint or separate proposals on how Washington Cemetery should be given orders from Chevra Kadisha on burials until the Beth Din rules on this issue; that if the parties do not reach a joint agreement, the Court will issue an order on how Washington Cemetery should be given orders from Chevra Kadisha on burials until the Beth Din rules on this issue; and that either the joint agreement or the Court's order on how Washington Cemetery should be given orders from Chevra Kadisha on burials until the Beth Din rules on this issue will supercede the Court's November 16, 2006 Temporary Restraining Order on this issue; and it is

**ORDERED** that Washington Cemetery's counterclaim against Plaintiff and its Third Party Complaint against Intervenors, and all matters related thereto, are **STAYED** upon consent until the Beth Din issues a ruling on the above issues, except this Court will consider applications for emergent relief regarding any use, usurpation, or dissolution of the assets of Chevra Kadisha outside their ordinary use; and it is

**ORDERED** that the Intervenors shall forthwith submit a copy of this Order to any interlocutory appeals in this case currently pending before the United States Court of Appeals for the Third Circuit.

                                                **/s/ Faith S. Hochberg**
                                                Hon. Faith S. Hochberg, U.S.D.J.